IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

DENETRIA MYLES,

   Petitioner,

v.           Case No. 1:18-cv-01195

JENNIFER SAAD, Warden,

   Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and her sealed Motion for Preliminary Injunction (ECF No. 6).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed the instant petition, the petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving a 51-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina, after her conviction for bank fraud, in violation of 18 U.SC. § 1344, and conspiracy to commit a violation under the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), which was to be followed by a three-year term of supervised release.   Judgment, *United States v. Myles*, No. 3:12-cr-00239-GCM-

DCK-24 (Feb. 23, 2015), ECF No. 887.   The petition asserts that, based upon the recommendation of the sentencing judge and pursuant to 18 U.S.C. §§ 3621 and 3624 ("the Second Chance Act"), she should receive a 12-month placement in a Residential Reentry Center ("RRC") prior to beginning her term of supervised release.

The petitioner contends, however, that BOP staff ignored the judicial recommendation and the fact that there was available bed space at RRC facilities within the Western District of North Carolina at that time, and only approved her for a four-month placement in an RRC.   (ECF No. 2 at 1).   The petitioner also disputes the BOP's rejection of her administrative remedy appeals because she allegedly did not provide the proper paperwork.   (*Id*. at 2).   The petitioner asserts that she attempted in good faith to exhaust her administrative remedies and that further undue delay would interfere with her right to due process.   (*Id*.)   On August 8, 2018, the petitioner filed a Motion for a Preliminary Injunction (ECF No. 6) seeking immediate release to an RRC in North or South Carolina, an evaluation of FPC Alderson's RRC placement process, and an end to the BOP's "categorical" four-month placement recommendations.

According to the BOP inmate locater, the petitioner was released from BOP custody on March 19, 2019.   Accordingly, the petitioner's request for relief can no longer be granted and her section 2241 petition and motion for preliminary injunction are moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be

"moot."   In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.   *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).   As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant her requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition and motion for preliminary injunction are now moot in light of her release from BOP custody.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and her Motion for Preliminary Injunction (ECF No. 6) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court,

3

specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at her last known address.

April 10, 2019

Dwane L. Tinsley
United States Magistrate Judge

4